IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHARLES AND IRENE YATES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No.:_____ |
| ) | |
| FIDELITY NATIONAL PROPERTY ) | |
| AND CASUALTY INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes the Plaintiffs, Charles and Irene Yates, by and through counsel, and files this Complaint, pursuant to Rule 8 of the Federal Rules of Civil Procedure, asserting that they are entitled to relief as set forth below:

### PARTIES

1. The Plaintiffs, Charles and Irene Yates, reside at 517 Stellar Ct, Kodak, TN 37764-1869 and may be served through the undersigned below.

2. Defendant, Fidelity National Property & Casualty Insurance Company (hereinafter referred to as "Fidelity"), is a foreign insurer licensed to issue insurance policies, and is in fact issuing insurance polices, in the State of Tennessee, and should be served in the manner and form provided by law by serving Defendant Fidelity c/o Department of Commerce and Insurance, Attention: Service of Process, 500 James Robertson Parkway, Nashville, TN 37423-1131. The principal address of Defendant Fidelity is 601 Riverside Avenue, Jacksonville, Florida 32204 and the registered agent is Chief Financial Officerr is PO Box 6200, 200 E. Gaines Street, Tallahassee, Florida 32399.

1

## JURISDICTION AND VENUE

3. This complaint involves issues of adjustment and payment of claims arising out of a flood insurance policy underwritten by the National Flood Insurance Program and sold by Defendant Fidelity, and accordingly this Court is vested with original exclusive jurisdiction under the provisions of 42 U.S.C. § 4072 and under the terms of the agreement between Mr. and Mrs. Yates and Defendant Fidelity.

4. The Defendant Fidelity issued a "WYO" flood insurance policy covering property owned by the Plaintiffs Mr. and Mrs. Yates that is located in this district in Kodak, Tennessee. As such, venue is proper in this district under the provisions of 42 U.S.C. § 4072 and under the terms of the policy between Mr. and Mrs. Yates and Defendant Fidelity.

## FACTS

5. At all times pertinent herein, Plaintiffs Mr. Charles Yates and his wife Mrs. Irene Yates resided in and were the owners of their home and contents located at 517 Stellar Ct, Kodak, Tennessee 37764-1869 that is within the Eastern District of the State of Tennessee.

6. Mr. and Mrs. Yates home and personal property were insured for losses caused by flood and storm surge under a Standard Flood Insurance Policy ("SFIP") issued by the Defendant Fidelity. The number of the policy is 41 4400503568 00. The policy effective date was from November 28, 2010 to November 28, 2011. It provided coverage with limits of liability of $250,000 for the building and $100,000 for the contents.

7. On June 24, 2011, the community of Kodak, Tennessee experienced heavy and sudden rainfalls. Due to amount of rainfall, the properties of several persons within the Kodak, Tennessee, the surrounding community, and Mr. and Mrs. Yates experienced a general and temporary condition of partial and/or complete inundation of their property from the unusual and

2

rapid accumulation or runoff of surface waters. Mr. and Mrs. Yates property, as described, above experienced this partial and/or complete inundation of their property from the unusual and rapid accumulation or runoff of surface water. As such, pursuant to the terms of the policy, Mr. and Mrs. Yates property suffered from a "flood" as defined in the policy between them and Defendant Fidelity.

8. The property of Mr. and Mrs. Yates was in the same condition with the same natural flow when Defendant Fidelity issued its policy to Mr. and Mrs. Yates on November 28, 2011, as when Mr. and Mrs. Yates suffered their loss to their property due to the "flood" on June 24, 2011.

9. Before June 24, 2011, Mr. and Mrs. Yates never experienced any problems with their property "flooding" and the water and any rainfall or runoff around their naturally flowed away from their residence on their property. Mr. and Mrs. Yates have lived on this property since at or around 1996.

10. The "flood" on June 24, 2011 caused there to be substantial water within the residence of Mr. and Mrs. Yates that was several feet deep inside their residence.

11. To mitigate the damage to the building and contents of their home, Mr. and Mrs. Yates hired Servpro of Sevier, Jefferson, and Cocke County in the early morning of June 25, 2011 to remove the water from inside the residence due to the "flood."

9. Despite Mr. and Mrs. Yates prompt efforts, the "flood" caused substantial damage to the building and contents of the property of Mr. and Mrs. Yates. Although not including the full extent of the damage, the "flood" caused extensive damage to the floors and cabinets within the residence of the house.

3

10. Due to the damage to the building and contents of their residence, Mr. and Mrs. Yates have incurred expenses related to the repair and replacement of the building and contents of their house that far exceeds $29,000 in both materials and labor.

11. In accordance with the terms of the SFIP policy, Mr. and Mrs. Yates timely presented claims and Proofs of Loss to Defendant Fidelity for compensation for the damage and losses to their property caused by the storm surge and flood on June 24, 2011 and for the cost of repair and replacement to the building and contents within their residence.

12. On August 2, 2011, Defendant Fidelity, through its agent, denied the claim of Mr. and Mrs. Yates. Mr. and Mrs. Yates appealed Defendant Fidelity's denial of their claim to the Department of Homeland Security, Federal Emergency Management Agency ("FEMA"). Due to this denial, the statute of limitations for this cause of action is August 2, 2012 based on the terms of the policy between Mr. and Mrs. Yates and Defendant Fidelity.

13. By letter of February 7, 2102, FEMA requested that Defendant Fidelity re-open Mr. and Mrs. Yates claim file and reconsider coverage for their flood claim and stated that there would be no further administrative review by FEMA.

14. By themselves and through counsel, Mr. and Mrs. Yates requested many times that Defendant Fidelity issue a final decision on whether it was going to deny or accept their claim. Eventually, on July 20, 2012, Defendant Fidelity received approval for what was called a General Adjust Assist to reinspect the property and review their claim.

15. The property of Mr. and Mrs. Yates was not reinspected until July 30 and July 31, 2012, only two days before the expiration of the statute of limitations. Defendant Fidelity, to date, has not provided a decision whether it will approve or deny the claim of Mr. and Mrs. Yates.

## CAUSE OF ACTION—BREACH OF CONTRACT

16. Under the express terms of the SFIP, Mr. and Mrs. Yates, as the policyholders, are entitled to the replacement and repair costs to the building and contents of their dwelling caused by the "flood" on June 24, 2011.

17. Mr. and Mrs. Yates had a policy with Defendant Fidelity for "flood" insurance that would cover damage to the building and contents of their property.

18. Mr. and Mrs. Yates paid all premiums and had an effective policy on June 24, 2011.

19. On June 24, 2011, the building and contents of the residence of Mr. and Mrs. Yates suffered extensive damage caused by the "flood" of their residence.

20. Because of the damage to the building and contents of their residence, Mr. and Mrs. Yates have incurred expenses in excess of $29,000.

21. No exclusions under the SFIP exclude Mr. and Mrs. Yates from coverage under the SFIP.

22. Defendant Fidelity has since denied their claim.

23. Accordingly, by its conduct, Defendant Fidelity has breached its contract by failing to pay for the covered losses as set froth hereinabove, and thus Defendant Fidelity has deprived Mr. and Mrs. Yates of those benefits set forth in the SFIP.

24. Plaintiff requests a trial by jury of all issues herein as allowed by the law.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the above, Plaintiffs, Mr. and Mrs. Yates, prays for the following:

1. A trial by jury of all issues herein as allowed by the law;

2. Service is perfected against Defendant Fidelity National Property & Casualty Insurance Company as provided by the law;

3. A judgment in their favor and against Defendant Fidelity National Property & Casualty Insurance Company for all amounts owed under the policy between Mr. and Mrs. Yates and Defendant Fidelity as set forth above, together with legal interest thereon from and after the judicial demand until paid, and for all costs of these proceedings.

BY: _____
N. Craig Strand (BPR #028381)
Stephen C. Daves (BPR# 000908)
O'Neil, Parker & Williamson, PLLC
7610 Gleason Drive, Suite 200
Knoxville, TN 37919
Telephone: (865) 546-7190
Facsimile: (865) 546-0789
cstrand@opw.com

*Attorneys for Plaintiffs*
*Charles and Irene Yates*